

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-396-CR**

BRENDA DANDA RAMIREZ                                          APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Brenda Danda Ramirez of possession of a controlled substance (methamphetamine) of more than four but less than two hundred grams.[2] After she pleaded true to the enhancement paragraphs and habitual offender paragraph contained in the indictment, the jury assessed her

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Health & Safety Code Ann. § 481.115(d) (Vernon Supp. 2009).

punishment at ninety-nine years' confinement.[3] The trial court sentenced her accordingly.

Ramirez's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Although Ramirez was given an opportunity to file a pro se appellate brief, she has not done so.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

---

[3] *See* Tex. Penal Code Ann. § 12.33 (Vernon Supp. 2009) (stating the punishment range for a second-degree felony as two to twenty years' confinement and a fine not to exceed $10,000); *see also id.* § 12.42(d) (Vernon Supp. 2009) (increasing punishment range to twenty-five years to ninety-nine years or life imprisonment if, after conviction of a felony offense, it is shown that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous felony conviction having become final).

We have carefully reviewed the record, the exhibits, and counsel's brief, and we find nothing in the record that might arguably support a direct appeal.[4] *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

---

[4] Based on the record before us, we conclude that Ramirez would not prevail in a direct appeal because an ineffective assistance of counsel claim is usually best addressed by a postconviction writ of habeas corpus. *See Thompson v. State*, 9 S.W.3d 808, 814 & n.6 (Tex. Crim. App. 1999); *Ex parte Torres*, 943 S.W.2d 469, 475–76 (Tex. Crim. App. 1997); *see also* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2009). This is because, as here, "[i]n the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (quoting *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001)). A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14.

Ramirez's appellate counsel did not raise ineffective assistance as a ground in her motion for new trial, and the record does not reflect the motives behind trial counsel's actions. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (noting that absent opportunity for trial counsel to explain his actions, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it"); *see also Ex parte Nailor*, 149 S.W.3d 125, 131–32 (Tex. Crim. App. 2004) (holding that specific allegations of deficient attorney performance that were rejected on direct appeal are not cognizable on habeas corpus as a part of a larger ineffective assistance of counsel claim when defendant does not offer additional evidence to support that specific claim of deficient performance in habeas proceeding).

PANEL: MCCOY, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 29, 2009

4